DAVID OAKES *v.* SCHOOL DISTRICT No. 9, IN EDEN.

*Judgment. Practice. Pleading.*

When the trial of a suit before a justice of the peace is commenced on the return day of the writ, or on a subsequent day to which it has been continued, and is pursued to judgment without an intervening adjournment, all

the proceedings after the commencement of the trial, including the rendition of the judgment, must in law be treated as perfected on the day when the trial commenced.

Therefore, where it appeared from the justice's record that the trial lasted, without an adjournment, into the next day after it was commenced, when the jury returned their verdict and the justice rendered judgment thereon ; *Held*, that notwithstanding the judgment appeared by the justice's record to have been rendered as of the last day of the trial, the law would refer it to the day on which the trial commenced, and treat it as rendered on that day.

*Held*, also, that if the plaintiff in an *audita querela* to set aside an execution issued on the judgment, desired to set it aside on the ground that the judgment was entered on Sunday, which, as appeared from the exceptions, was the day on which the trial was in fact concluded, and the judgment rendered, he should by his declaration have advertised the defendant of that ground of objection, otherwise the court would consider that fact as outside of the issue.

AUDITA QUERELA to set aside an execution issued upon a judgment rendered by a justice of the peace in favor of the defendant against the plaintiff, for the reason that the justice did not at the time stated in the execution, render any such judgment as was therein set forth. Plea the general issue, and trial by the court at the December Term, 1859,—ALDIS, J., presiding.

The court found the following facts : The execution described the judgment upon which it was issued as having been rendered on the *seventh* day of May, 1859. The record of the judgment, as made by the justice, stated that it was rendered on the *eighth* day of May, 1859. In fact the trial began on Saturday, the seventh of May, and lasted until about daylight on Sunday morning, the eighth of May, when the jury returned their verdict, and thereupon the justice's court, on Sunday, the eighth, rendered judgment.

It appeared from the record of the justice that the writ, by which the suit was commenced in his court, was made returnable on the seventh of May ; that a jury was empannelled on that day and the trial proceeded with ; that on the eighth day of May the jury returned their verdict, and that the judgment was rendered thereon as of the eighth, as above stated.

The county court rendered judgment for the plaintiff for one cent damages and his costs, and that the execution in question be set aside, to which the defendant excepted.

Oakes *v.* School District No. 9, in Eden.

*1. Gleed*, for the defendant.

*Child & Benton*, for the plaintiff.

POLAND, J. The only question presented in this case is whether upon the justice record produced on the trial in the county court, the judgment rendered by the justice is to be considered as rendered on the *seventh* day of May or on the *eighth*.

The writ was made returnable on the seventh; the trial was commenced and a jury was empannelled on that day, and there was no continuance or adjournment whatever, but the trial was continuous from the commencement to the rendition of the judgment. The fact is apparent from the record itself, as the court found on the trial below, that the trial lasted into the eighth, and on this account the justice certifies that the verdict was returned and the judgment rendered on that day.

Do these facts thus appearing make it a judgment of the *seventh* or the *eighth*? If the eighth, then the judgment was misdescribed in the execution, and would not support it, because there was no such judgment, and the stating the day wrong would be equivalent to stating the term wrong in a county court judgment. But we are all agreed that upon the face of the record, and upon the facts proved, this must be regarded as a judgment of the seventh; that when the trial is commenced on the return day, or on a subsequent continuance day, and is pursued to a judgment without adjournment, all the proceedings must, in law, be treated as done and perfected on that day.

What would be the result of holding otherwise in all cases where it becomes necessary to show the regular recovery of a judgment before a justice? The writ is made returnable on a particular day, and the recovery of a judgment on a subsequent day, but no continuance of the cause whatever, would render such judgment clearly irregular on its face.

So far as we know, such has been the uniform practice and understanding in such cases, and no question has been made but that it would have been entirely proper for the justice to have made his record so as to have it appear that the whole proceeding was on the seventh. Upon consideration we are agreed that

such is the legal result of the record, and the facts proved below, and that it was not within the power of the justice where there was no continuance, to say whether the judgment was made on the return day or subsequent day ; that the law refers it to the day the trial began. Such a rule will tend to promote regularity and harmony, and prevent confusion and difficulty. We are, therefore, of opinion that the judgment recited in the execution. was supported by the judgment shown by the record.

The county court found that in fact the verdict was taken and the judgment rendered after twelve o'clock at night of the seventh, and that the eighth was Sunday.

Whether such fact would invalidate the judgment or not, we have no occasion now to decide, as no such point has been made in the argument, and though stated in the exceptions, we think it is not fairly presented in the pleadings.

This *audita* is brought to set aside the execution, and not the judgment itself, and upon the ground that the execution misdescribed the day of the judgment. If the plaintiff would ask to have either the judgment or execution set aside because the judgment was entered on Sunday, he should so have alleged in his complaint, to have advertised the defendant of the ground of objection. Not having done so, this finding of the court seems to have been aside from the issue, and its effect has not been urged here.

We think the judgment of the county court was erroneous, and it is reversed, and judgment for the defendant.